IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **GERRY HANK LOGAN,** | : | |
| **Plaintiff** | : | |
| VS. | : | |
| Governor **SONNY PERDUE**, *et al.*, | : | **NO. 5:05-CV-67(CAR)** |
| **Defendants** | : | O R D E R |

*ORDER ON MOTION TO PROCEED IN*
*FORMA PAUPERIS ON APPEAL*

Prisoner **GERRY HANK LOGAN** has filed a *pro se* motion to proceed *in forma pauperis* on appeal [Doc. # 43]. Plaintiff's motion was filed on June 23, 2005, after this Court, on May 19, 2005, entered an order adopting the recommendation of U.S. Magistrate Judge Claude W. Hicks, Jr., that plaintiff's motion to certify this case as a class action be denied. In particular, the Court found that the case was not appropriate for class certification due to plaintiff's *pro se* litigant status. ***See e.g., Maldonado v. Terhune***, 28 F.Supp.2d 284, 299 (D.N.J.1998) (courts have consistently held that a prisoner acting *pro se* is inadequate to represent the interests of his fellow inmates in a class action). Plaintiff now seeks to appeal this Court's denial of class certification.

Because plaintiff, as a *pro se* prisoner, is not representative of fellow inmates in a class action, in the Court's best judgment, an appeal from the Court's May 19th order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3). Moreover, rule 23(f) of the Federal Rules

of Civil Procedure, which specifies the procedure for filing an interlocutory appeal from a district court's ruling on class certification, states as follows:

> A court of appeals may in its discretion permit an appeal from an order of a district court granting or denying class action certification under this rule if application is made to it within ten days after entry of the order. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

Although plaintiff filed in this Court a notice of appeal within ten days of the entry of the Court's May 19th order, there is no indication that plaintiff has made application to the Eleventh Circuit Court of Appeals to appeal said certification order.

Accordingly, the Court concludes that plaintiff is not entitled to proceed *in forma pauperis* on appeal. His motion, therefore, is **DENIED**. If plaintiff wishes to proceed with his appeal, he must pay the entire $255.00 appellate filing fee. Because plaintiff has stated that he cannot pay the $255.00 immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b).

Pursuant to section 1915(b), the prison account custodian where plaintiff is incarcerated shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to plaintiff's account until the $255.00 appellate filing fee has been paid in full. Twenty percent of any deposits into the prisoner's account shall be withheld by the prison account custodian who, on a monthly basis, shall forward the amount withheld from the prisoner's account to the Clerk of this Court each time the amount in the account exceeds $10.00 until the total filing fee of $255.00 has been paid. Checks should be made payable to "Clerk, U.S. District Court."

A copy of this order shall be served upon plaintiff's prison account custodian.

**SO ORDERED**, this 2nd day of August, 2005.

                                            s/ C. Ashley Royal
                                            **C. ASHLEY ROYAL**
                                            **UNITED STATES DISTRICT JUDGE**

cr